**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELIZABETH LYNN NOLL<br>73 Rocktown Rd<br>Hamburg, PA 19526<br>and<br><br>ASHLYN SHAFFNER<br>342 Airport Road<br>Shippensburg, PA 17257<br>Plaintiffs<br>v.<br><br>WESTFIELD INSURANCE COMPANY<br>1 Park Circuit<br>Westfield Center, OH 44251<br><br>Defendant | : | IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA<br><br>CIVIL ACTION<br>No. ____________________<br><br>JURY TRIAL DEMANDED |

## Complaint

1. Plaintiff, Elizabeth Lynn Noll (hereinafter referred to as "Plaintiff-Noll"), is an adult individual who resides at the above referenced address.

2. Plaintiff, Ashlyn Shaffner (hereinafter referred to as "Plaintiff-Shaffner" and collectively with Plaintiff-Noll, as "Plaintiffs") is an adult individual who resides at the above referenced address.

3. Defendant, Westfield Insurance Company (hereinafter referred to as “Defendant-Westfield”), is an Ohio corporation which is authorized to conduct business and issue policies of casualty insurance in the Commonwealth of Pennsylvania, and which has its principal place of business at the above referenced address in the State of Ohio.

4. On March 11, 2024, Plaintiff-Shaffner was operating a 1995 Chevrolet pickup truck (hereinafter referred to as "Host Vehicle") traveling Northbound on SR 61, in the County of Berks, Commonwealth of Pennsylvania.

5. At the aforesaid time and place, Plaintiff-Noll was a passenger in the Host Vehicle driven by Plaintiff-Shaffner.

6. At the aforesaid time and place, Melany Lopez Arriaza (hereinafter referred to as "Tortfeasor") was operating a 2014 Honda CRV (hereinafter referred to as "Tortfeasor's Vehicle") traveling Northbound on Logistics Drive unsafely merged onto SR 61, when suddenly and without warning, Defendant veered left across multiple Northbound lanes and collided with the Host Vehicle (hereinafter referred to as the "Crash").

7. The negligence and carelessness of the Tortfeasor-Melany Lopez Arriaza included:

i. Operating Tortfeasor's Vehicle in such a manner as to cause the Crash, specifically by veering across multiple travel lanes, entering the Host Vehicle's lane, and colliding with the Host Vehicle in Tortfeasor's;

ii. Operating Tortfeasor's Vehicle without due regard for the rights, safety, wellbeing and position of the Plaintiffs under the aforesaid circumstances;

iii. Failing to keep a proper lookout for other vehicles lawfully upon the road;

iv. Operating Tortfeasor's Vehicle at an excessive rate of speed and too fast for road and/or traffic conditions and while distracted from roadway conditions or otherwise unable to adequately judge stopping distances;

v. Failing to take evasive action in order to avoid the Crash or warn of the approach of Tortfeasor's Vehicle;

vi. Operating Tortfeasor's Vehicle in violation of 75 Pa. C.S. § 3309(1-4), Driving on roadways laned for traffic;

vii. Operating Tortfeasor's Vehicle in violation of 75 Pa. C.S. § 3361, driving at an unsafe speed; and,

viii. Operating Tortfeasor's Vehicle in violation of 75 Pa. C.S. §3714(a), careless driving.

8. Upon information and belief, Tortfeasor's Vehicle was owned by and registered to the Tortfeasor-Melany Lopez Arriaza.

9. The Crash was solely, directly, and proximately because of the negligence and carelessness of the Tortfeasor-Melany Lopez Arriaza, as set forth more fully herein.

10. As a direct and proximate result of the Crash, the Host Vehicle sustained damage and Plaintiffs sustained severe, painful and/or debilitating personal injuries.

11. Plaintiffs have suffered physical pain and suffering and have required, and will continue to require, medical care and treatment.

12. The past and current medical care and treatment rendered to Plaintiffs have been reasonable, necessary, and causally related to the Crash as evidenced by Plaintiffs medical records.

13. Plaintiffs have sustained various economic damages including past and future medical expenses, lost wages, loss of earning capacity, and impairment of earning potential.

14. As a result of the foregoing, Plaintiffs have suffered a loss of life's pleasures and enjoyments and have suffered embarrassment and humiliation and will continue to suffer the same indefinitely into the future.

15. Plaintiffs are entitled to seek recovery for both economic and non-economic damages arising from the Crash.

16. Plaintiffs in no way or manner caused or contributed to the Crash or their resulting injuries.

17. As a direct and proximate result of the Tortfeasor-Melany Lopez Arriaza's negligence and carelessness, Plaintiffs have suffered and/or may in the future continue to suffer bodily injuries, severe pain, anxiety, depression, emotional and mental distress, humiliation, embarrassment, loss of pleasures and enjoyment of life, and/or one or more serious impairments of bodily functions, to their ongoing detriment and loss.

18. As a direct and proximate result of the Tortfeasor-Melany Lopez Arriaza's negligence and carelessness, the Crash, and Plaintiffs' resulting injuries, Plaintiffs have undergone and may in the future undergo various reasonable and necessary treatments.

19. As a direct and proximate result of the Tortfeasor-Melany Lopez Arriaza's negligence and carelessness, the Crash, and Plaintiff's resulting injuries, Plaintiffs have been and/or may in the future be required to spend money for medical treatment, to their ongoing detriment and financial loss

20. As a direct and proximate result of the Tortfeasor-Melany Lopez Arriaza's negligence and carelessness, the Crash, and Plaintiff's resulting injuries, Plaintiffs have been and may in the future be hindered and/or prevented from attending to and/or fully performing his usual and customary duties, hobbies and/or avocations, to their ongoing detriment and loss.

21. As a direct and proximate result of the Tortfeasor-Melany Lopez Arriaza's negligence and carelessness, the Crash, and Plaintiff's resulting injuries, Plaintiffs have and/or in the future may be required to spend money for household help, to their ongoing detriment and financial loss.

22. As a direct and proximate result of the Tortfeasor-Melany Lopez Arriaza's negligence and carelessness, the Crash, and Plaintiff's resulting injuries, Plaintiffs have been and/or in the future may be prevented from being gainfully employed, resulting in a loss of earnings and/or an impairment of their earning capacity, to their ongoing detriment and loss.

23. Upon information and belief, at the time of the Crash, the Tortfeasor's Vehicle was insured under a Policy of motor vehicle insurance issued by Root Insurance Company with a bodily injury liability protection limit of $15,000 each person/$30,000 each accident, all of which was tendered to Plaintiffs.

24. Tortfeasor-Melany Lopez Arriaza's bodily injury liability limits are not adequate to fully compensate Plaintiffs for the significant, permanent, and/or debilitating personal injuries Plaintiff sustained as a direct and proximate result of the negligence and carelessness of the Tortfeasor-Melany Lopez Arriaza.

25. Defendant-Westfield consented to the settlement of Plaintiff-Noll's third-party action against Tortfeasor-Melany Lopez Arriaza on February 7, 2025.

26. Defendant-Westfield consented to the settlement of Plaintiff-Shaffner's third-party action against Tortfeasor-Melany Lopez Arriaza on February 25, 2025.

27. At the time of the Crash, the Host Vehicle was registered in the Commonwealth of Pennsylvania to Plaintiff-Noll's father, Charles Noll who is not a party to this action, and insured under a Policy of motor vehicle insurance (hereinafter referred to as the "Policy") issued by Defendant-Westfield d/b/a American Select Insurance Company to Plaintiff, with an underinsured motorist benefits (hereinafter referred to as "UIM") in the amount of $500,000 each person/$500,000 each accident.

28. A true and correct certified copy of the Policy in effect on the date of the Crash is attached as **Exhibit A.**

29. At Policy inception, UIM coverage was elected in an amount greater than the minimum coverage required by the Commonwealth of Pennsylvania, to protect persons who may suffer bodily injury because of a motor vehicle crash.

30. In selecting UIM coverage limits greater than the minimum coverage required by law, Defendant-Westfield accepted timely UIM premium payments in full, rendering the Policy in full force and effect at the time of the Crash.

31. At the times material hereto, Defendant-Westfield acted individually and/or through its respective agents, representatives, servants and/or employees, who were acting within the course and scope of their employment and/or agency for Defendant-Westfield.

32. On or about March 5, 2025, Plaintiffs made a written demand to Defendant-Westfield for the tender of the UIM limits due under the Policy based upon Plaintiffs injuries as reflected in the medical records and reports provided to Defendant-Westfield.

33. To date, despite having received sufficient documentation, Defendant-Westfield has failed to make an objectively reasonable and/or full-value offer to Plaintiffs, considering the facts and objective medical evidence known to and in the possession of Defendant-Westfield.

**COUNT I - BREACH OF CONTRACT**
**Elizabeth Lynn Noll v. Westfield Insurance Company**

34. Plaintiffs incorporate herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

35. Upon information and belief, Plaintiff-Noll has fully complied with all the terms, conditions, and/or duties under the Policy.

36. Plaintiff-Noll incurred damages and sustained injuries that far exceed the policy of motor vehicle liability insurance applicable to Tortfeasor-Melany Lopez Arriaza.

37. Defendant-Westfield has failed to fully value Plaintiff-Noll's claim and has failed to pay benefits due to Plaintiff-Noll under the Policy.

38. Defendant-Westfield has failed to promptly offer payment of the full value of the UIM claim to Plaintiff-Noll.

39. Plaintiff-Noll, Defendant-Westfield's insured, by and through counsel, has provided sufficient information and documentation of Plaintiff's claims for UIM benefits.

40. As Plaintiff's insurer, Defendant-Westfield owes Plaintiff-Noll a contractual obligation to promptly offer the full value of Plaintiff's UIM claim.

41. For the reasons set forth above, Defendant-Westfield has breached its contractual obligations to Plaintiff-Noll under the Policy of insurance.

WHEREFORE, Plaintiff, Elizabeth Lynn Noll respectfully requests that this Honorable Court grant judgment in her favor and against Defendant Westfield Insurance Company in an amount in excess of Seventy Five Thousand Dollars ($75,000), together with such other relief as this Honorable Court may deem appropriate.

**COUNT II - BREACH OF CONTRACT**
**Ashlyn Shaffner v. Westfield Insurance Company**

42. Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

43. Upon information and belief, Plaintiff-Shaffner has fully complied with all the terms, conditions, and/or duties under the Policy.

44. Plaintiff-Shaffner incurred damages and sustained injuries that far exceed the policy of motor vehicle liability insurance applicable to Tortfeasor-Melany Lopez Arriaza.

45. Defendant-Westfield has failed to fully value Plaintiff-Shaffner's claim and has failed to pay benefits due to Plaintiff-Shaffner under the Policy.

46. Defendant-Westfield has failed to promptly offer payment of the full value of the UIM claim to Plaintiff-Shaffner.

47. Plaintiff-Shaffner, Defendant-Westfield's insured, by and through counsel, has provided sufficient information and documentation of Plaintiff's claims for UIM benefits.

48. As Plaintiff's insurer, Defendant-Westfield owes Plaintiff-Shaffner a contractual obligation to promptly offer the full value of Plaintiff's UIM claim.

49. For the reasons set forth above, Defendant-Westfield has breached its contractual obligations to Plaintiff-Shaffner under the Policy of insurance.

WHEREFORE, Plaintiff, Ashlyn Shaffner respectfully requests that this Honorable Court grant judgment in her favor and against Defendant Westfield Insurance Company in an amount in excess of Seventy Five Thousand Dollars ($75,000), together with such other relief as this Honorable Court may deem appropriate.

**OSTROFF | GODSHALL - Injury and Accident Lawyers**

Date: 9/29/2026 By: /s/ Joseph Mirabile

Joe Mirabile, Esq.
*Attorney for Plaintiffs*
PA Attorney ID No. 318110
518 E. Township Line Road, Suite 100
Blue Bell, PA 19422
(610) 279-7000
jmirabile@ostrofflaw.com